UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C21-5906 MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing certain medical opinion evidence, Plaintiff's testimony, and lay statements.[1] (Dkt. # 11 at 2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1955, has a college degree and a master's degree in business administration, and has worked as a transportation engineer, project engineer, and senior

---

[1] Plaintiff also contends that these errors led to errors in the ALJ's residual functional capacity assessment and the step-four findings (dkt. # 11 at 18), but these derivative errors need not be addressed separately.

ORDER - 1

operations specialist for the federal government. AR at 45, 208, 221, 547. Plaintiff was last gainfully employed in 2017. *Id.* at 221.

In October 2018, Plaintiff applied for benefits, alleging disability as of December 29, 2017. AR at 183-87. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 120-22, 124-26, 130-31. After the ALJ conducted a hearing in November 2020 (*id.* at 30-74), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 14-24.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

ORDER - 2

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Assessing Some of the Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of certain medical opinions, each of which the Court will address in turn.

#### 1. *Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).[2]

#### 2. *David Coffey, M.D.*

Dr. Coffey, Plaintiff's treating oncologist, provided multiple opinions and letters indicating that due to Plaintiff's conditions and medication side effects, Plaintiff could not work. AR at 451, 791, 877-80. The ALJ found Dr. Coffey's opinions to be unpersuasive because they were inconsistent with his treatment notes, wherein Dr. Coffey "fairly consistent[ly]" rated Plaintiff's functionality on the Eastern Cooperative Oncology Group Scale of Performance

---

[2] Although Plaintiff mounts a challenge to the validity of the Commissioner's regulations (dkt. # 11 at 3-6), the Court notes that at the time Plaintiff filed his opening brief, the Ninth Circuit had not yet denied a petition for rehearing. *See* Order, *Woods v. Kijakazi,* Case No. 21-35458 (9th Cir. Jun. 27, 2022), dkt. # 46. The Court will continue to apply *Woods*' interpretation of the regulations over Plaintiff's unpersuasive objection.

Status ("ECOG") and indicated that he retained the ability to perform light or sedentary work. *Id*. at 22. The ALJ also found that Dr. Coffey's opinions were inconsistent with Plaintiff's ability to engage in "indoor and outdoor activities including golfing and tending to his orchard[.]" *Id*.

The ALJ's finding that Dr. Coffey's opinions were inconsistent with his treatment notes is not supported by substantial evidence. Dr. Coffey's ECOG scores fluctuated throughout the adjudicated period, sometimes suggesting that Plaintiff could work (ECOG score 1) and sometimes suggesting that he could not (ECOG score 2).[3] The ALJ cited four of Dr. Coffey's ECOG ratings as inconsistent with his opinions, and two of those notes describe Plaintiff as unable to work. *See* AR at 22 (citing *id*. at 463 (ECOG score 1), 469 (ECOG score 1), 487 (ECOG score 2), 497 (ECOG score 2)). Neither the notes cited by the ALJ nor the treatment notes as a whole indicate that Dr. Coffey "fairly consistently" described Plaintiff as capable of working, and the ALJ's consistency finding is therefore not supported by substantial evidence in this regard.

The ALJ's finding as to Plaintiff's activities is likewise unsupported by substantial evidence. Plaintiff did sporadically report an ability to golf, sometimes with limitations, and also stated that he was capable of tending to five fruit trees in his yard. *See, e.g.*, AR at 44 (Plaintiff's hearing testimony regarding his five dwarf fruit trees), 455 (Plaintiff reports decreased energy, but says he is "still able to get out and work in his orchard"), 468 (Plaintiff reports golfing recently), 975 (Plaintiff reports being unable to golf), 994 (Plaintiff sets physical therapy goal of

---

[3] *See, e.g.*, AR at 306-07 (January 2018 ECOG score 2), 463 (September 2018 ECOG score 1), 469 (August 2018 ECOG score 1), 473 (July 2018 ECOG score 1), 482 (May 2018 ECOG score 2), 487 (April 2018 ECOG score 2), 494 (April 2018 ECOG score 2), 497 (March 2018 ECOG score 2), 500 (February 2018 ECOG score 2), 504 (February 2018 ECOG score 2), 510 (January 2018 ECOG score 2), 752 (October 2020 ECOG score 1), 763 (August 2020 ECOG score 1), 772 (June 2020 ECOG score 1), 780 (March 2020 ECOG score 1), 789 (January 2020 ECOG score 1), 793 (November 2019 ECOG score 1), 796 (September 2019 ECOG score 1), 802 (July 2019 ECOG score 1), 806 (May 2019 ECOG score 1), 819 (August 2017 ECOG score 1).

ORDER - 4

being able to golf again, but has not attempted golfing yet), 1050 (Plaintiff golfed a half bucket of balls and had to rest after a few swings), 1062 (physical therapy note indicating that Plaintiff had tried once or twice to hit a few balls, but had not yet achieved his goal of being able to golf again). But it is unclear how these activities, or the unspecified "indoor activities" referenced by the ALJ, are inconsistent with the limitations Dr. Coffey described. Plaintiff's reported ability to perform unspecified activities, as cited by the ALJ, does not constitute a meaningful inconsistency with Dr. Coffey's opinion. *See id*. at 22 (citing *id*. at 762 (Plaintiff reports he can complete his activities of daily living), 771 (Plaintiff reports being "physically active around the house and outdoors" but also that he "rarely goes out of the house" due to COVID-19 pandemic).

Because the record does not support the ALJ's consistency findings, the ALJ erred in finding Dr. Coffey's opinions unpersuasive. On remand, the ALJ shall reconsider the persuasiveness of Dr. Coffey's opinions.[4]

       3.    *Jeremy Senske, Psy.D.*

Dr. Senske examined Plaintiff in May 2019 and wrote a narrative report describing Plaintiff's mental symptoms and limitations. AR at 546-48. Dr. Senske concluded that Plaintiff's "understanding and memory, sustained concentration and persistence, social interaction, and overall ability to adapt are impaired mainly due to medical issues and are deferred to the assessment of a medical doctor" and that Plaintiff has "adjustment anxiety and depression due to his medical status." *Id*. at 548. The ALJ found Dr. Senske's opinion to be vague because it did not identify the degree of Plaintiff's functional limitations, and therefore unpersuasive. *Id*. at 23.

---

[4] Although Plaintiff requests, in the alternative, a remand for a finding of disability (dkt. # 11 at 18-19), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").

The ALJ's assessment of Dr. Senske's opinion is supported by substantial evidence. Dr. Senske failed to identify any particular functional limitation, which renders his opinion less useful for the ALJ's assessment of Plaintiff's functioning. Accordingly, the ALJ did not err in finding Dr. Senske's opinion to be vague and therefore unpersuasive. *See, e.g.*, *Deanna T. v. Comm'r of Social Sec. Admin.*, 2022 WL 3145941, at *11 (E.D. Wash. Aug. 4, 2022) (affirming an ALJ's finding that a medical opinion is unpersuasive because it is vague).

    4.  State Agency Opinions

The ALJ found the State agency opinions to be persuasive because they were supported by and consistent with the record, which showed improvement with treatment and Plaintiff's ability to engage in physical activities. AR at 22. Because, as explained *supra*, the ALJ overstated the extent of Plaintiff's physical activities, the ALJ shall reconsider the State agency opinions on remand.

  **B.**  **The ALJ Erred in Discounting Plaintiff's Testimony**

The ALJ summarized Plaintiff's allegations and explained that she discounted them because Plaintiff's conditions improved with treatment and he retained the ability to be physically active. AR at 20-21. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court finds that neither of the ALJ's reasons are clear and convincing. Plaintiff acknowledged at the hearing that his conditions improved somewhat with treatment (AR at 47-68), and the ALJ did not show that the record indicated that Plaintiff improved to a point inconsistent with his allegations. Furthermore, as explained with respect to Dr. Coffey's opinions, *supra*, the ALJ overstated the extent of Plaintiff's physical activities and did not

ORDER - 6

identify activities inconsistent with Plaintiff's testimony. Accordingly, the ALJ must reevaluate Plaintiff's allegations on remand.

Plaintiff also assigns error to the ALJ's failure to explicitly weigh the statements of Plaintiff's wife. *See* AR at 247-54, 286-91. Because this case must be remanded on other grounds, the ALJ will have another opportunity to reconsider Plaintiff's wife's statements.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Coffey's opinions, the State agency opinions, Plaintiff's testimony, and the lay statements, and any other parts of the decision as necessary.

Dated this 18th day of August, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge